BYRNES, Judge,
dissents with reasons.
Although I agree with the majority’s conclusion that the trial judge incorrectly applied the alimony decree retroactively to the date of divorce on June 25, 1987, I disagree with their conclusion that the correct date for commencement of alimony is January 19, 1988, and plaintiff is owed only $500.00 in past due alimony.
I agree with Mrs. Barkemeyer’s argument that the effective date of the commencement of permanent alimony should be August 19,1987, the date of her original rule for contempt, because it was the intent of the parties that permanent alimony was to be established at the hearing on the rule for contempt.
The record reflects that Mrs. Barkemeyer filed a rule for contempt on August 19, 1987 seeking alimony from July, 1987. The matter was originally to be heard September 8, 1987 but was reset for hearing on November 4, 1987, and finally heard January 26, 1988. In brief, Mr. Barkemeyer admits that the November 4, 1987 hearing “would be for a Rule to Establish Permanent Alimony ...”. (Pages 3 & 8). This being the ease, it was the intent of the parties that the rule for contempt was to also include a determination of the issue of permanent alimony. As such, we find the wife’s rule for permanent alimony, filed January 19, 1988, was merely an amendment to and relates back to the date the rule for contempt was filed, namely August 19, 1987. See: La.C.C.P.Art. 1153.
Since the effective date for retroactivity of an alimony order is “the filing date of the petition for alimony” and since Mrs. Barkemeyer’s petition was originally filed August 19, 1987, I am of the opinion that the permanent alimony judgment should commence from August, 1987 and Mrs. Barkemeyer should be entitled to One Thousand Seven Hundred and NO/100 ($1,700.00) Dollars in past due alimony.
For these reasons, I respectfully dissent.
ARMSTRONG, J., joins in BYRNES, J., dissent and subscribes to the reasons that he assigns.